[*] I am of opinion, that the plaintiff is entitled to judgment.

Judgment for defendant.

CORRECTED, *Den, Pierson* v. *DeHart, 2 Penn. 481, note.*
OVERRULED, *Arnold* v *Den, Phœnix, 2 South. 862.*
SEE *Den, Banta* v. *Demarest, 4 Zab. 431; Fidler* v. *Higgins, 6 C. E. Gr. 138; Ryan* v. *Andrews, 21 Mich. 229.*

---

## ANONYMOUS.

On reference, with agreement that it be made a rule of court. No costs being reported, none are allowed.

The cause had been submitted to reference out of court, on an agreement that the submission be made a rule of this court. The referees reported a sum in favor of the plaintiff, but had said nothing as to costs. The question was, whether the plaintiff was entitled to costs.

BY THE COURT.—This is a proceeding under the 1st section of the act, for regulating references and determining controversies, by arbitration;[1] which section is a copy of the statute of *9 and 10 William 111. C. 15.* The remedy in favor of the prevailing party, in this case, is, that the party refusing obedience to, or neglecting to comply with the arbitration or umpirage, is subject to all the penalties of contemning a rule of court. It is necessary, then, to show, that the defendant hath refused obedience to, or neglected to com-

---

[1] *Pat. 141.—Rev. Laws, 158.*

Wambaugh v. Schenck.

ply with the report of the referees. The referees not having awarded costs, how can the court say that the defendant is .default, in not complying with the award or report of the referees.[1]

Costs disallowed.[2]

*Hunter*, for plaintiff.

*Ewing*, for defendant.

---

[1] It is not uncommon for the prevailing party, in these cases of submissions out of court, on bringing in the report, to enter up judgment and issue execution, as in other cases. This practice cannot be supported, and is at variance with the opinion of the court in this case.

